UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

KELLYANN A. MCKENZIE,

                Plaintiff,

-against-

MICHAEL OCTOBER; PROGRESSIVE,

                Defendants.

24-CV-6649 (LTS)

TRANSFER ORDER

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff, who resides in Massachusetts, brings this action *pro se*. Plaintiff invokes the Court's diversity jurisdiction, 28 U.S.C. § 1332, and asserts claims arising from a car accident in Brooklyn, New York. For the following reasons, this action is transferred to the United States District Court for the Eastern District of New York.

## DISCUSSION

Under the general venue statute, a civil action may be brought in

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred . . . ; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b).

For venue purposes, a "natural person" resides in the district where the person is domiciled, and an "entity with the capacity to sue and be sued" resides in any judicial district where it is subject to personal jurisdiction with respect to the civil action in question. *See* 28 U.S.C. § 1391(c)(1), (2).

Plaintiff alleges that on November 12, 2022, when the car she was driving was stopped at a red light on Utica Avenue in Brooklyn, Defendant Michael October drove into the rear of her

car. Plaintiff suffered a conclusion in the accident and sought medical treatment at a hospital in Manhasset, New York.

Plaintiff brings this action against the driver, Michael October, who is alleged to reside in Brooklyn, New York, and his insurer, "Progressive," for which she provides an address in Albany, New York. Brooklyn is in Kings County, in the Eastern District of New York, 28 U.S.C. § 112(c), and Albany County is in the Northern District of New York, § 112(a).

It is unclear from the facts alleged whether Defendant Progressive could be deemed to reside in this district. Venue thus may not lie in this district under Section 1391(b)(1), based on the residence of the defendants, because it is not clear that any defendant resides in this district.

The events giving rise to Plaintiff's claims all occurred in Brooklyn, and therefore venue is not proper in this district under Section 1391(b)(2) based on the location where the claims arose. Because Plaintiff's claims arose in Brooklyn, in Kings County, venue is proper under Section 1391(b)(2) in the Eastern District of New York.

Even where venue is proper in the district where a case was filed, a court may transfer the case to any other district where it might have been brought "[f]or the convenience of parties and witnesses, in the interest of justice." 28 U.S.C. § 1404(a). In determining whether transfer is appropriate, courts consider the following factors: (1) the convenience of witnesses; (2) the convenience of the parties; (3) the locus of operative facts; (4) the availability of process to compel the attendance of the unwilling witnesses; (5) the location of relevant documents and the relative ease of access to sources of proof; (6) the relative means of the parties; (7) the forum's familiarity with the governing law; (8) the weight accorded to the plaintiff's choice of forum; (9) trial efficiency; and (10) the interest of justice, based on the totality of circumstances. *Keitt v. N.Y. City*, 882 F. Supp. 2d 412, 459-60 (S.D.N.Y. 2011); *see also N.Y. Marine and Gen. Ins. Co.*

*v. LaFarge No. Am., Inc.*, 599 F.3d 102, 112 (2d Cir. 2010) (setting forth similar factors). A plaintiff's choice of forum is accorded less deference where the plaintiff does not reside in the chosen forum and the operative events did not occur there. *See Iragorri v. United Tech. Corp.*, 274 F.3d 65, 72 (2d Cir. 2001).

Transfer under Section 1404(a) appears to be appropriate in this case. The underlying events occurred in Brooklyn, where Defendant October resides, and it is reasonable to expect that all relevant documents and witnesses also would be in Kings County. Because Plaintiff does not reside in this district, and the operative events did not take place in this district, her choice of this forum is entitled to less deference. Accordingly, the Court transfers this action to the United States District Court for the Eastern District of New York. 28 U.S.C. § 1404(a); *see D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 106 (2d Cir. 2006) ("District courts have broad discretion in making determinations of convenience under Section 1404(a) and notions of convenience and fairness are considered on a case-by-case basis.").

## CONCLUSION

The Clerk of Court is directed to transfer this action to the United States District Court for the Eastern District of New York. Whether Plaintiff should be permitted to proceed further without prepayment of fees is a determination to be made by the transferee court.

A summons shall not issue from this Court. This order closes the case in the Southern District of New York.

The Court certifies, under 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:   September 10, 2024
         New York, New York

                                          /s/ Laura Taylor Swain
                                          LAURA TAYLOR SWAIN
                                          Chief United States District Judge